IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

PAUL LOWE

Magistrate No. 26-611
**[UNDER SEAL]**

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Daniel F. McGrath, a Deputy United states Marshal, being duly sworn, depose and state:

## INTRODUCTION

1. Your Affiant submits this Affidavit in support of a criminal complaint charging PAUL LOWE (hereinafter referred to as "LOWE") with one count of with escape from federal custody, in violation of Title 18, United States Code, Section 751(a).

2. I have been employed by the United States Marshals Service (USMS) for the last five years as a Deputy U.S. Marshal (DUSM). I have worked in the Washington D.C. and Pittsburgh USMS Field Offices. I am currently assigned to the USMS Western Pennsylvania Fugitive Task Force (WPAFTF) in the Western District of Pennsylvania (WDPA). My duties include the investigation and apprehension of federal fugitives and sexual predators, as well as assisting state and local law enforcement agencies in the location of suspects involved in violent crimes and who are actively seeking to avoid apprehension and prosecution.

3. This affidavit has been prepared for the specific purpose of supporting a criminal Complaint charging Defendant with escape from federal custody, in violation of Title 18, United States Code, Section 751(a). I have not, therefore, included every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish

1

probable cause for Defendant's arrest.

## FACTS ESTABLISHING PROBABLE CAUSE

4.      Paul Lowe is currently serving a 432-month sentence for Carjacking, Kidnapping, and Transportation for illegal sexual activity in case # 1:95-CR-310404-PBS-1 which occurred in the District of Massachusetts on March 24, 1997 (sentencing date).

5.      Lowe was transferred to Renewal Inc., a federally contracted half-way house in Pittsburgh, PA (Western District of Pennsylvania) ("the RCC") on December 12, 2025, from FCI Marianna.

6.      On April 15, 2026, at 1630 hours, Lowe failed to return to the RRC from an authorized absence and approved community pass.

7.      At 1653 hours, RRC Staff established contact with Lowe and reported he was on his way back but needed more time to return.

8.      A follow-up call at 1658 hours was successful and Lowe reported he was on his way back to the RRC.

9.      In an effort to maintain a higher level of accountability, Lowe had been placed on GPS monitoring equipment; however, a tamper alert and strap violation was received at 1657 hours.

10.      All further telephonic attempts by the RRC staff to contact Lowe and his emergency contact have been unsuccessful.

11.      Additionally, the RRC staff contacted local hospitals and jails; however, efforts produced negative results.

12.     As of the date and time of this writing, Lowe's whereabouts in the community are unknown and unconfirmed. As such, he is considered as having escaped.

13.     On April 15, 2016, Renewal and Bureau of Prisons (BOP) staff requested the assistance of the United States Marshals Service with apprehending Paul Lowe and DUSM McGrath was assigned the fugitive investigation.

**CONCLUSION**

14.     Based on the above, the affiant believes there is probable cause to show that Paul Lowe did unlawfully and knowingly, in violation of Title 18, United States Code, Section 751(a), escape from Renewal Inc., an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the District of Massachusetts upon conviction violating Title 18, United States Code, Sections 2119 F (Carjacking), 1201 F (Kidnapping), and 18 2421 (Transportation for Illegal Sexual Activity).

**REQUEST FOR SEALING**

15.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and warrant.  I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing criminal investigation that is neither public nor known to all the targets of the investigation.

16.     Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, notify confederates or otherwise seriously jeopardize the investigation.

3

17.     The above information is true and correct to the best of my knowledge, information,

and belief.

*/s/ Daniel F. McGrath*
Daniel F. McGrath
Deputy United States Marshal

Sworn to before me, by telephone,
pursuant to Fed. R. Crim. P. 41(b)(2)(A),
this 17th  day of April, 2026.
This matter shall remain under seal until
further order of the Court.

_____
HONORABLE CHRISTOPHER B. BROWN
UNITED STATES MAGISTRATE JUDGE